[Civ. No. 10970.   First Appellate District, Division Two.—September 19, 1939.]

MARY BURKE et al., Appellants, v. BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION (a National Banking Association), as Executor, etc., Respondent.

Sullivan & Sullivan, Edward F. Sullivan, and George H. Sullivan, for Appellants.

W. Urie Walsh for Respondent.

STURTEVANT, J.—The plaintiff, Mary Burke, the wife of the plaintiff Edward F. Burke, commenced an action against the defendant to obtain a judgment for damages caused by a breach of contract by Joseph Stanton, defendant's testator. Her husband, Edward F. Burke, commenced a similar action. Both actions were tried together. The trial court made findings in favor of the defendant in each case and both plaintiffs have appealed. In each case the clerk prepared a separate judgment roll and certified a separate transcript. However, both cases are supported by a single transcript by the reporter.

The substance of the complaint of Mary Burke is as follows: On October 8, 1937, Joseph Stanton died leaving a will dated December 28, 1926, which was admitted to probate. On October 27, 1937, the defendant was appointed executor of said will, and thereafter qualified and is now acting as such executor. On the 29th day of October, 1937, the defendant caused a notice to creditors to be published directing the presentation of claims within six months after the first publication of said note. Within that period of time the plaintiff presented a claim against said estate. It is not alleged what the contents of said claim were and no copy is contained in the record. The claim was rejected. It is alleged: "II. That on or about the 16th day of September, 1936, at the city and county of San Francisco, state of California, plaintiff and the said Joseph Stanton entered into a contract wherein and whereby the said Joseph Stanton agreed that in consideration of the services that had then been ren-

dered to him by plaintiff and which services plaintiff would continue to render to him in the future, he would by his last will and testament, devise to plaintiff an undivided one-half (½) interest in and to his real property commonly known and designated as number 165 Stillman street, San Francisco, California, and in addition thereto he would in said last will and testament bequeath to plaintiff the sum of $1,000, cash, lawful money of the United States.'' It is alleged that Joseph Stanton in his life did not devise to plaintiff any interest in the real estate above mentioned and did devise to plaintiff $300 only. It is alleged that the value of a one-half interest in said real property was $2,500 plus $700, making $3,200 in all. It is also alleged that plaintiff has done and performed all of the covenants on her part to be performed.

In its answer the defendant denied that Joseph Stanton, the decedent, and plaintiff made any contract and alleged that the plaintiff had been fully paid by Joseph Stanton for all services performed by her.

In its findings the trial court found against the plaintiff on the allegations set forth in paragraph II of her complaint and found in favor of the defendant on the affirmative allegations set forth in its answer.

In principle the pleadings and findings in the action filed by Edward F. Burke are the same. For these reasons we will proceed to discuss the two actions as though only one action was before us.

The plaintiffs contend that the trial court made findings against them which are not supported by the evidence, but we think there is no merit whatever in that contention. The plaintiffs called to the stand Edward F. Burke. He produced a written instrument and testified it was in his possession on the date Joseph Stanton died. That instrument was in words and figures as follows:

''San Francisco, Sept. 16, 1936

''This agreement made the day Sept. 1936, between Joseph Stanton, 165 Stillman St. San Fran. Calif. party of the first part and Edward F. Burke and his wife Mary, of 371 Jules Ave., S. F. parties of the second part, I, Joseph Stanton have appointed Edward F. Burke executor of all wills that I may make during my life; I also agree to leave my house at 165 Stillman St., S. F., to Edward F. Burke and wife,

Mary; I also have agreed to leave to Mary Burke, wife of Edward the sum of One thousand dollars ($1,000) in return for service and kindness shown to me in the past and will continue to show in the future; these gifts will appear in my will and must never be disputed.

"JOSEPH STANTON"

There was evidence to the effect that the name Joseph Stanton was in the handwriting of the deceased and that the balance was written by Mrs. Burke. Both in the trial court and in this court the plaintiffs have contended said instrument was the contract between Joseph Stanton and Mr. and Mrs. Burke. They introduced no evidence that any other contract was made. They introduced no evidence of any circumstances which in any manner explains the above mentioned instrument. It follows their rights to a recovery rest wholly on said instrument. We have therefore carefully examined its terms. Joseph Stanton promised to name Mr. Burke executor of his will and to convey to him a joint interest in the house and lot at 165 Stillman Street. Mr. Burke made no promise whatsoever. Said provisions constituted promises to make gifts. That interpretation is reinforced by the last clause, " . . . these gifts will appear in my will and must never be disputed." But a promise to make a gift is unenforceable. (*Hart* v. *Ketchum,* 121 Cal. 426, 429 [53 Pac. 931].) As the instrument showed no promise on the part of Mr. Burke it did not on its face constitute a contract. (*Shortell* v. *Evans-Ferguson Corp.,* 98 Cal. App. 650, 660 [277 Pac. 519].) As he had no contract that would support this action unless "the same, or some note or memorandum thereof is in writing" (Civ. Code, sec. 1624, subd. 6), his cause of action is not sustained by the proof.

As to Mrs. Burke, the instrument contains words from which it may be claimed Joseph Stanton promised to convey to her a joint interest with her husband in said real estate and to leave her $1,000, in return for "service and kindness shown to me in the past and will continue to show in the future". Therefore, the purported contract was, as to Mrs. Burke, of more vitality, but, as will presently appear, both plaintiffs failed to prove any cause of action.

Assuming, solely for the purposes of this decision, that the writing hereinabove set forth was sufficient as to Mr. Burke, nevertheless the court did not err in rendering judgment in

favor of the defendant. While there was evidence that Mr. Burke rendered services to Joseph Stanton, there was also evidence that he had been fully paid day by day as said services were rendered.

At all times both Mr. and Mrs. Burke stood, and claimed to stand, in a relation of trust and confidence to Joseph Stanton. On different occasions Mrs. Burke called on him. At times she cooked and took to him a dish of delicate food. When informed on one occasion that he was quite sick, she and her husband, in the middle of the night, went to his bedside. The record contains evidence that those acts on the part of both plaintiffs were gratuitous. It does not contain any evidence of the value of any one or all of said acts but the value thereof, however measured, was negligible. Under these circumstances the trial court did not err in denying the plaintiffs monetary judgments. In *Mead* v. *Mead,* 41 Cal. App. 280, at page 285 [182 Pac. 761], the court said the rule in cases such as the one before us is that the court must view the transaction with "the most scrutinizing jealousy". As so viewed it is manifest the plaintiffs proved no case. (*Herbert* v. *Lankershim,* 9 Cal. (2d) 409, 484 [71 Pac. (2d) 220].)

The plaintiffs assert that the trial court made findings that the decedent, Joseph Stanton, never delivered the above instrument. They then call attention to the testimony given by Mr. Burke and they quote various rules regarding inferences and presumptions and contend the trial court erroneously found against the positive testimony introduced by the plaintiffs. To these contentions there are several answers. In their complaints the plaintiffs did not plead a written contract was executed or delivered. As recited above the claims filed in the probate proceedings do not appear in the record and we are not advised as to the contents of either claim. In its answer the defendant did not plead, nor did it deny the existence of a written contract. Nevertheless, in making findings the trial court found that Joseph Stanton never delivered the contract set forth in plaintiffs' complaint. Those findings were without the issues made by the pleadings. Assuming, solely for the purposes of this decision, that the existence of a written contract was an issue, we are unable to say the findings complained of were not sustained by the evidence. If Joseph Stanton ever delivered the written in-

strument above mentioned, the proof of such fact rested on the testimony of Mr. Burke and the presumptions of law applicable thereto. However, there was evidence introduced by the defendant from which the court was entitled to draw the conclusion that Mr. Burke gave false testimony. It will serve no useful purpose to set forth that evidence. It is sufficient to state the weight of his testimony was to be measured by the trial court and this court may not say, with all the circumstances appearing in the record, that the trial court erred in weighing the evidence. *Caldwell* v. *Weiner*, 203 Cal. 543 [264 Pac. 1100], is closely in point. It is nearly parallel in its facts. There, as here, the trial court made findings against the plaintiffs. There, as here, it was contended one of the witnesses for the plaintiff had given positive testimony in support of the plaintiff's case. On page 546, the court said: "It would seem that this case, with all the circumstances appearing in the record, comes within the rule of *Blanc* v. *Conner*, 167 Cal. 719 [141 Pac. 217], and *Davis* v. *Judson*, 159 Cal. 121 [113 Pac. 147], to the effect that while it is a general rule that the uncontradicted testimony of a witness to a particular fact may not be disregarded, but should be accepted by the court as proof of the fact, this rule has its exceptions, and the most positive testimony may be contradicted by the circumstances in evidence in connection with the matter which satisfy the court of its falsity and the manner of the witness in testifying may impress the court with a doubt as to the accuracy of his statement and influence it to disregard his positive testimony as to a particular fact.

"The instant case presents the type of alleged contract which in many jurisdictions is scrutinized by the courts with great care, and is only sustained upon the most satisfactory proof. (*Owen* v. *McNally*, 113 Cal. 444, 446 [33 L. R. A. 369, 45 Pac. 710].) The record before us presents abundant justification for the findings made by the trial court, and as there is no other error assigned by appellant the judgment appealed from is affirmed."

We find no error in the record. The judgment is affirmed.

Nourse, P. J., and Spence, J., concurred.