[S. F. No. 16693.   In Bank.   June 24, 1942.]

CAROL BLANK, Appellant, v. IAN COFFIN et al., Defendants; MERCANTILE ACCEPTANCE CORPORATION OF CALIFORNIA (a Corporation), Respondent.

James R. Agee for Appellant.

Hagar, Crosby & Crosby and Carlyle C. Crosby for Respondent.

TRAYNOR, J.—On June 11, 1939, at about 4 a. m. an automobile belonging to the Mercantile Acceptance Corporation of California, while being driven by Ian Coffin, one of its employees, collided with an automobile being driven by Lester F. Kain, in which Mrs. Carol Blank was riding as a guest. Mrs. Blank was injured and brought an action for damages against Coffin and the Mercantile Acceptance Corporation, alleging that Coffin was negligent and that he was driving the car with the permission of its owner, the Acceptance Corporation. The Mercantile Acceptance Corporation is engaged in the business

of financing automobile loans and maintains a branch office in Oakland in charge of G. N. Stuperich. About three months before the accident Coffin was hired as a field man by Stuperich. His duties consisted principally in the examination and repossession of automobiles, and his territory covered much of the San Francisco Bay area. He was given the exclusive use of a company car to facilitate his work. He kept the car in the garage at his home in Berkeley free of charge to the company. He had no fixed hours of employment and occasionally worked in the evenings. When he was hired Coffin was furnished with a mimeographed manual of instructions providing: "Each field man or collector will be supplied with a company owned car. The employee to whom the car is assigned must see that it is kept in excellent condition at all times at a minimum expense. Please note the following instructions: . . . The company does not allow employees operating company cars to pick up riders or carry passengers unless they are employed by the company . . . Company owned cars must not be used by the employees on their vacations." Coffin testified that when he was hired Stuperich told him orally never to use the car for pleasure or personal matters. He also testified that he used the car on Sundays for his own pleasure and made overnight trips in it from time to time for his own pleasure but that at the time of the accident he was not on a vacation. He stated that each week he reported the mileage covered, including that covered on his personal business, but his reports on gasoline consumed omitted gasoline purchased for his personal trips. Stuperich testified that he instructed Coffin not to use the car for personal business and that before the accident he severely reprimanded Coffin for taking the car on a week-end pleasure trip and threatened to discharge him in the event of another infraction. After a week's lay-off Coffin resumed work and possession of the car.

On the night of the accident Coffin and a friend attended a social function in the company of two young women. They had taken the young women home and were returning to Berkeley when the accident occurred. Coffin was driving north on Webster Street in Alameda, and Kain was driving south. Coffin's car struck Kain's car on the right side between the hood and the door. Coffin testified that Kain's car swerved over the center line of the street into his path. Kain and other witnesses for the plaintiff testified that Coffin's car swerved across the center line of the road, came over to the west side,

and then swung back toward the center, striking the Kain car. The trial court directed a verdict in favor of the Mercantile Acceptance Corporation, and the jury returned a verdict against Coffin for $7,500. Plaintiff has appealed from the judgment entered in favor of the Mercantile Acceptance Corporation upon the directed verdict.

Section 402a of the Vehicle Code provides: "Every owner of a motor vehicle is liable and responsible for the death of or injury to person or property resulting from negligence in the operation of such motor vehicle, in the business of such owner or otherwise, by any person using or operating the same with the permission, express or implied, of such owner, and the negligence of such person shall be imputed to the owner for all purposes of civil damages." Section 402b limits this liability to $5,000.

If the evidence shows that an automobile was being driven by an employee of the owner at the time of an accident, the jury may infer that the employee was operating the automobile with the permission of the owner. (*Bushnell* v. *Tashiro*, 115 Cal. App. 563 [2 P. (2d) 550]; *McWhirter* v. *Fuller*, 35 Cal. App. 288 [170 Pac. 417]; *Pozzobon* v. *O'Donnell*, 1 Cal. App. (2d) 151 [36 P. (2d) 236]; *Brown* v. *Chevrolet Motor Co.*, 39 Cal. App. 738 [179 Pac. 697]; *Wagnitz* v. *Scharetg*, 89 Cal. App. 511 [265 Pac. 318]; *Westberg* v. *Willde*, 14 Cal. (2d) 360 [94 P. (2d) 590]. See cases cited in 2 Cal. Jur. 10-Yr. Supp. 508, sec. 326.) Defendant recognizes that a jury may draw such an inference but contends that the evidence introduced by it in the present case to show that Coffin was driving the car without its permission was so clear, positive, and uncontradicted that the jury could not reasonably conclude that it had given permission, express or implied, for such use. Plaintiff concedes that Coffin was not acting within the scope of his employment at the time the accident occurred but contends that the evidence is sufficient to justify a finding by the jury that at the time of the accident Coffin was operating the automobile with the implied permission of defendant and that the directed verdict was therefore improper.

An inference is a conclusion as to the existence of a material fact that a jury may properly draw from the existence of certain primary facts. (Cal. Code Civ. Proc. secs. 1958, 1960, 1832; see cases cited in 10 Cal. Jur. 736-738, sec. 59.)

It is not always possible for a party to a lawsuit to introduce evidence directly bearing upon the existence of a fact that he is attempting to prove. The evidence available to him

may serve only to establish the existence of certain primary facts that are logically connected with the material fact. If a jury can reasonably infer from these primary facts that the material fact exists, the party has introduced sufficient evidence to entitle him to have the jury decide the issue. The jury is not compelled to draw the inference, however, even in the absence of contrary evidence and may refuse to do so. Whether a particular inference can be drawn from certain evidence is a question of law, but whether the inference shall be drawn, in any given case, is a question of fact for the jury. (See cases cited in 10 Cal. Jur. 738-739, sec. 60.)

Usually, the opposing party introduces evidence as to the nonexistence of the fact in issue, and the jury must then determine the existence or nonexistence of the fact from all the evidence before it. If the evidence contrary to the existence of the fact is clear, positive, uncontradicted, and of such a nature that it can not rationally be disbelieved, the court must instruct the jury that the nonexistence of the fact has been established as a matter of law. (*Engstrom* v. *Auburn Auto Sales Corp.*, 11 Cal. (2d) 64 [77 P. (2d) 1059] ; *Crouch* v. *Gilmore Oil Co.*, 5 Cal. (2d) 330 [54 P. (2d) 709] ; *Maupin* v. *Solomon,* 41 Cal. App. 323 [183 Pac. 198].) The jury, however, is the sole judge of the credibility of the witnesses (Cal. Code Civ. Proc., sec. 1847; see cases cited in 27 Cal. Jur. 182, sec. 156) and is free to disbelieve them even though they are uncontradicted if there is any rational ground for doing so. (*Hinkle* v. *Southern Pacific Co.,* 12 Cal. (2d) 691 [87 P. (2d) 349] ; *Barsha* v. *Metro-Goldwyn-Mayer,* 32 Cal. App. (2d) 556 [90 P. (2d) 371] ; *Burke* v. *Bank of America etc. Assn.,* 34 Cal. App. (2d) 594 [94 P. (2d) 58] ; *People* v. *La Fleur,* 42 Cal. App. (2d) 50 [108 P. (2d) 99]. See cases collected in 27 Cal. Jur. 184, sec. 156; 8 A. L. R. 796.) In most cases, therefore, the jury is free to disbelieve the evidence as to the nonexistence of the fact and to find that it does exist on the basis of the inference. (*Bushnell* v. *Tashiro, supra; Market Street Ry. Co.* v. *George,* 116 Cal. App. 572, 576 [3 P. (2d) 41] ; *Day* v. *General Petroleum Corp.,* 32 Cal. App. (2d) 220 [89 P. (2d) 718].)

There are many reasons why a jury may refuse to believe a witness. Section 1847 of the Code of Civil Procedure provides : ''A witness is presumed to speak the truth. This presumption, however, may be repelled by the manner in which he testifies,

by the character of his testimony, or by evidence affecting his character for truth, honesty, or integrity, or his motives, or by contradictory evidence; and the jury are the exclusive judges of his credibility.'' Section 2061(3) of the Code of Civil Procedure provides: ''That a witness false in one part of his testimony is to be distrusted in others.'' In passing on the credibility of a witness, the jury is entitled to consider his interest in the result of the case. (See cases collected in 27 Cal. Jur. 180, sec. 154.)

The application of these well settled rules to the facts of the present case makes it clear that the trial court erred in directing a verdict for the defendant. (See *Estate of Flood,* 217 Cal. 763 [21 P. (2d) 579]; *Estate of Lances,* 216 Cal. 397 [14 P. (2d) 768].) The fact that the car was owned by defendant and was being driven by one of its employees was sufficient to permit the jury to infer that the car was being driven with defendant's permission. When defendant introduced evidence contrary to such an inference in the testimony of Coffin and Stuperich, the issue of permission could be taken from the jury and a verdict directed for the defendant only if the testimony could not be rationally disbelieved. There were several grounds on which the jury could disbelieve the testimony. Both Stuperich and Coffin, employees of the defendant, had an interest in the outcome of the case since they would naturally wish to remain in the good graces of their employer. Coffin's testimony as to how the accident occurred directly contradicted the testimony of plaintiff's witnesses, and if the jury disbelieved Coffin in this respect, it could disbelieve him in all respects. The testimony of Coffin and Stuperich revealed the following facts that would justify the jury in concluding that Coffin was driving the automobile with the tacit permission of the defendant: Coffin was given exclusive possession of the automobile; he kept it in his own garage without charge to the company; the manual of instructions that he received forbade the use of the car on vacations, but did not forbid its use for personal matters; the company could determine that Coffin was habitually using the car for his personal business by checking his mileage reports against his gasoline reports; Coffin was not discharged after discovery of his use of the car on a week-end trip and was allowed to resume possession of it after a short lay-off. The fact that Coffin was accompanied by a friend in violation of the rules of the company could not establish that he did not have permission to drive the car. This fact might be perti-

nent if the passenger were injured and had knowledge of the rule (*Albers* v. *Shell Company,* 104 Cal. App. 733 [286 Pac. 752]), but it has no relevancy where a third person is injured. (*Gibbons* v. *Naritoka,* 102 Cal. App. 669 [283 Pac. 845]; *Nord* v. *West Michigan Flooring Co.,* 238 Mich. 669 [214 N. W. 236]; *Wright* v. *Maddox* (Tex. Civ. App.) 288 S. W. 560.)

■ Plaintiff also contends that the trial court erred in refusing to permit her to question Coffin and Stuperich concerning Coffin's personal use of the car after the accident and Stuperich's knowledge thereof and failure to protest. Defendant contends that evidence of circumstances after the accident cannot be used to establish that Coffin was driving the car with the permission of defendant at the time of the accident, and relies upon cases holding that evidence of precautions taken after an accident are not admissible to show a negligent condition at the time of the accident. (See cases cited in 10 Cal. Jur. 829-830, sec. 115.) These cases, however, are not analogous to the present one. Evidence of the existence of a particular condition, relationship, or status, including permission to use an automobile, before and after an act in question is admissible to indicate the existence of the same status, condition, or relationship at the time of the act. (*Chouinard* v. *Wooldridge,* 102 Conn. 66 [127 Atl. 908]; *Walker* v. *Klopp,* 99 Neb. 794 [157 N. W. 962, L. R. A. 1916E, 1292]; *Leonard* v. *Kreider,* 51 Ohio App. 474 [1 N. E. (2d) 956]; see *Snowwhite* v. *Metropolitan Life Ins. Co.,* 344 Mo. 705 [127 S. W. (2d) 718]; see cases cited in Wigmore, Evidence (3rd ed.) secs. 382, 377; 10 Cal. Jur. 830, note 9, 828-829, sec. 114; 32 L. R. A. (N. S.) 1117 et seq.) In the present case the testimony of Coffin and Stuperich revealed facts that would justify the jury's concluding that Coffin had permission to use the car for personal business before the accident, and plaintiff should have been permitted to question them concerning Coffin's permission to use the car for his personal business after the accident for the purpose of indicating that the same relationship existed at the time of the accident.

The judgment is reversed.

Gibson, C. J., Curtis, J., and Edmonds, J., concurred.

CARTER, J., Concurring.—I concur in the conclusion reached in the majority opinion but cannot agree with the following legal principle stated therein:

"If the evidence contrary to the existence of the fact is clear, positive, uncontradicted, and of such a nature that it can not rationally be disbelieved, the court must instruct the jury that the non-existence of the fact has been established as a matter of law." That statement is inconsistent with other principles enunciated in the opinion.

It is there said: "If a jury can reasonably infer from these primary facts that the material fact exists, the party has introduced sufficient evidence to entitle him to have the jury decide the issue. The jury is not compelled to draw the inference, however, even in the absence of contrary evidence and may refuse to do so. *Whether a particular inference can be drawn from certain evidence is a question of law, but whether the inference shall be drawn, in any given case, is a question of fact for the jury.*" (Italics added.)

Also: "Usually, the opposing party introduces evidence as to the non-existence of the fact in issue, and the *jury must then determine the existence or non-existence of the fact from all the evidence before it.*" (Italics added.)

"The *jury*, however, is the *sole judge of the credibility of the witnesses* . . . and *is free to disbelieve them even though they are uncontradicted* if there is any rational ground for doing so." (Italics added.)

It seems illogical to me to say, that if a jury may reasonably infer from the primary facts the existence of the material fact, the case may then be *decided by the jury*, but that evidence contrary to the inferred fact destroys the inference if it is clear, positive, uncontradicted, and cannot be disbelieved. *The query at once arises, disbelieved by whom?* The jury may or may not draw that inference as it chooses, but immediately that it is determined as a matter of law that it may be drawn by the jury, it is evidence in the case, equal in weight and value with any other evidence. Whatever evidence may be introduced by the opponent does nothing more than create a conflict in the evidence which must be resolved by the trier of fact. That conclusion necessarily stems from the rule stated in the majority opinion that the jury is the sole judge of the credibility of witnesses. What difference can it make on appeal where matters of law alone are considered whether the evidence opposing the inference is clear, positive and uncontradicted? It is still within the province of the trier of fact to disbelieve such evidence, and if it does, the inference stands unimpeached. If the jury is the sole judge of the credibility

of the witnesses, this court cannot say as a matter of law that this evidence or that evidence, is clear, positive, uncontradicted and cannot be disbelieved. The very fact that the jury finds in favor of the inference and against such evidence conclusively shows that it is not clear, or uncontradicted or positive, or cannot be disbelieved. The jury necessarily must have found it unreliable because of one of those factors.

In my opinion, the true rule with reference to the effect of inferences in a case is, that this court's function begins and ends with the determination of the sole question of whether a certain inference may be drawn from certain evidence. That question is one of law. If the facts do not justify the inference, it cannot be drawn, and the one relying upon the purported inference must fail. If, however, it may be said that the inference reasonably may be drawn, then it becomes the sole function of the jury to decide whether or not it shall draw the inference, and whether or not opposing evidence prevails over it. It may, without qualification, weigh that inference against any and all evidence opposing it of whatever character or nature. Its conclusion on the completion of that process is final and conclusive.

The statement that evidence contrary to the existence of the fact established by the inference may overcome the inference as a matter of law, if clear, positive, uncontradicted and of such a nature that it cannot be disbelieved, cannot stand in the face of the principles that an inference once permissible, is evidence, and that the jury is the exclusive judge of the credibility of witnesses and the weight of the evidence. Furthermore, it should be observed that the rule stated in effect declares that direct evidence is of greater weight or value than indirect or circumstantial evidence. Circumstantial evidence is nothing more than one or more inferences drawn from a series of proven facts. It is entitled to be given the force equal to direct evidence. (10 Cal. Jur. 1157.)

The legal test as to the existence of whether an inference arises is stated in section 1960 of the Code of Civil Procedure:

"An inference must be founded:

"1. On a fact legally proved; and,

"2. On such a deduction from that fact as is warranted by a consideration of the usual propensities or passions of men, the particular propensities or passions of the person whose act is in question, the course of business, or the course of nature." It is for the court to apply that test to determine

whether an inference may be reasonably drawn from any given facts.

Adherence to the principles above-stated admits of only one possible limitation to the rule above-stated. If the credibility of the evidence in opposition to the inference is beyond any question when such evidence is subjected to any of the tests of credibility, then it might be said to be conclusive on the trier of fact. It is at once apparent that that limitation does not apply to oral testimony for the reason that one of the tests of credibility is the demeanor of the witness and his manner of testifying (Code Civ. Proc., sec. 1847); the observation of that factor may be made only by the trier of fact. It necessarily cannot be determined by an appellate court. It is conceivable that under proper circumstances documentary evidence might be conclusive, but the instances would be rare. It is doubtful if the physical circumstances would ever be conclusive inasmuch as their effectiveness is practically invariably dependent upon inferences that may arise therefrom, and as we have seen, the trier of fact may or may not draw those inferences. The statutes indicate the rarity of conclusive evidence. They provide:

"Conclusive or unanswerable evidence is that which the law does not permit to be contradicted. For example, the record of a court of competent jurisdiction cannot be contradicted by the parties to it." (Code Civ. Proc., § 1837.)

"No evidence is by law made conclusive or unanswerable, unless so declared by this code." (Code Civ. Proc., § 1978.)

The cases, *Engstrom* v. *Auburn Auto Sales Corp.*, 11 Cal. (2d) 64 [77 P. (2d) 1059]; *Crouch* v. *Gilmore Oil Co.*, 5 Cal. (2d) 330 [54 P. (2d) 709]; and *Maupin* v. *Solomon*, 41 Cal. App. 323 [183 Pac. 198], have added only confusion to an otherwise clear and concise rule. They should not be followed, much less extended. They fail to give to an inference its proper place in the law, and entirely overlook the principle that the trier of fact is the exclusive judge of the weight of the evidence and credibility of witnesses.

In my opinion the evidence in the case at bar is sufficient to justify the inference that defendant Coffin was driving the automobile involved in the accident with the permission of defendant Mercantile Acceptance Corporation, and this issue should have been submitted to the jury. The judgment entered on the order granting a directed verdict as to the last named defendant should therefore be reversed.

Shenk, J., concurred.