[Civ. No. 12916.  First Dist., Div. One.  Oct. 25, 1945.]

THE PEOPLE, Respondent, v. ONE 1941 CHRYSLER TUDOR, Defendant; CHRISTINE GIBSON, Intervener and Appellant.

Stern & Grupp and Morris M. Grupp for Appellant.

Robert W. Kenny, Attorney General, and Ralph W. Scott, Deputy Attorney General, for Respondent.

PETERS, P. J.—This proceeding was instituted by the state under section 11610 et seq. of the Health and Safety Code to forfeit the interests of Christine Gibson, the registered owner, and the Pacific Finance Corporation, the legal owner, of a certain 1941 Chrysler Tudor Sedan, on the ground that such vehicle was used unlawfully to conceal, convey, carry or transport marihuana in violation of the provisions of the Health and Safety Code. The finance company did not appear, and its default was duly entered. Christine Gibson defended the action, contending that she had no knowledge of the illegal use and that on the date of the seizure, June 3, 1944, the car was being used without her knowledge and consent. From a judgment forfeiting her interest, Christine Gibson appeals.

The automobile was seized on the evening of June 3, 1944. It was then in the possession of Dominic Germano, to whom Christine Gibson was engaged to be married. The arresting officer testified that he and his fellow officer saw the car being driven north on Mason Street, in San Francisco, by Germano; that Germano parked the car, alighted and entered a hotel

lobby; that he was in the hotel "just an instant; just in and right out again"; that Germano then reentered the car and started the motor, when the witness and his fellow officer arrested him. When Germano was searched, one marihuana cigarette was discovered hidden in one of his socks. Germano told the officers that he had picked up the cigarette from a hiding place shortly after he left the bar he operated; that the car was not his but belonged to his girl friend, Miss Gibson; that Miss Gibson had found it necessary to go to Los Angeles, and, because his car was in better mechanical condition, he had allowed her to take his car while he drove hers. The police officer, in response to a question by the court, stated that Germano had the cigarette in his sock before he drove up to the hotel.

Miss Gibson filed an answer in which she alleged that she loaned the vehicle to Germano on June 3, 1944, "without knowledge and without any reason to suppose that said vehicle was to be used in any manner not legal," and that she did not know that Germano used marihuana. Several months later she filed an amended answer in which she alleged that she had not loaned the car to Germano on June 3d, but that on the 31st day of May she turned her car over to him on his express promise to take it to a designated garage on June 1st to have it repaired. No explanation of this complete change in theory appears in the record. In support of the defense set forth in the amended answer she testified that she had purchased the car in question sometime in May, 1944; that on May 31st she found it necessary to go to Los Angeles to visit a sick cousin; that her car had a defective seat control and that the clutch stuck; that she telephoned the Mill Valley company that had sold her the car; that she was informed that it would take several days to make the repairs and that such work could start on June 1st; that Germano agreed to allow her to use his car to drive to Los Angeles and agreed to drive her car to the garage on June 1st; that she was in Los Angeles on June 3d and believed at that time the car was at the garage. Germano testified that Miss Gibson made an appointment for him to take the car to the garage on June 1st; that he promised to take the car there on that date, but that he had not done so. The garage employees were not produced as witnesses.

On this evidence the trial court found that on May 31st Miss Gibson loaned and entrusted the vehicle to Germano who had the use and possession of the vehicle on June 3, 1944.

It is the theory of appellant (whose brief, incidentally, fails to comply with rule 15a of the Rules of Appeal in that it does not contain the required topical index and table of authorities) that since, according to Germano's and her testimony, the car was entrusted to Germano for the sole purpose of driving it to the garage, and since, according to such testimony, the time for which the car was entrusted expired on June 1st, on June 3d Germano was driving the car without her knowledge and consent. It is her theory that it is a defense to an action for forfeiture under section 11610 et seq. of the Health and Safety Code that, when arrested, the bailee is using the car beyond the time limit the owner has fixed for its use. The contention cannot be sustained for at least two reasons. In the first place, the trial court was not bound to believe these two witnesses. The trier of the facts is the exclusive judge of the credibility of the witnesses, and while a witness is presumed to speak the truth, this presumption may be repelled by the manner in which he testifies, by the character of his testimony, or by his motives or obvious interest. (Code Civ. Proc., § 1847; see cases collected 27 Cal. Jur. § 154, p. 179.) ▆▆ Provided the trier of the facts does not act arbitrarily, he may reject *in toto* the testimony of a witness, even though the witness is uncontradicted. (*Hicks* v. *Reis*, 21 Cal.2d 654 [134 P.2d 788] ; *Blank* v. *Coffin*, 20 Cal. 2d 457 [126 P.2d 868] ; *Hinkle* v. *Southern Pacific Co.*, 12 Cal.2d 691 [87 P.2d 349] ; *Barsha* v. *Metro-Goldwyn-Mayer*, 32 Cal.App.2d 556 [90 P.2d 371] ; *Burke* v. *Bank of America*, 34 Cal.App.2d 594 [94 P.2d 58] ; *People* v. *La Fleur*, 42 Cal. Cal.App.2d 50 [108 P.2d 99].) ▆▆ In this case the fact that Germano got possession and control of the automobile with the consent of the owner is an admitted fact. The trial court, particularly in view of the obvious interest of the witnesses and in view of the direct change in the nature of the defense set forth in the amended answer, was free to disbelieve the testimony that a time limit on the permission had been set by the owner.

▆▆ In the second place, even if it be assumed that such a time limit was set by the owner, the expiration of that time limit would not relieve the owner of the penalty of forfeiture. It is true, of course, that when an automobile is taken without the consent of the owner, i. e., is stolen, that the owner may defend an action for forfeiture on that ground. (*People* v. *One 1937 Plymouth 6*, 37 Cal.App.2d 65 [98 P.2d 750],

and cases there cited.) But it must be remembered that even that defense is not contained in the statute, having been implied by the courts to save the constitutionality of the statute. (*People* v. *One 1941 Ford 8 Stake Truck*, 26 Cal.2d 503 [159 P.2d 641].) Certainly such defense cannot and should not be extended beyond the point necessary to save the constitutionality of the statute.

A somewhat similar problem has recently been determined by the Supreme Court in *People* v. *One 1941 Ford 8 Stake Truck*, *supra*. In that case the owner's interest was forfeited although the illegal use was by an employee in direct violation of specific restrictions as to the place of operation. In this connection the court stated (p. 507) : "But there are no constitutional impediments to a forfeiture where the owner entrusts his vehicle to another who uses it illegally, even though the owner does not know of or acquiesce in such use. The distinction between such a situation and the plight of an automobile owner who failed to give possession of his car or consent to its operation is based upon the means by which the one found transporting the contraband obtained the vehicle. An owner who entrusts the possession of his vehicle to another thereby accepts the risk that it will be used contrary to law, but, in the operation of an automobile without the owner's consent to do so in any manner or at all, there is no element of choice or volition and a complete lack of permission, express or implied, on the part of the owner." That reasoning is directly applicable here. The extent of the implied limitation on the operation of the statute is that an owner's interest cannot be forfeited if the car has been taken without the owner's consent, but if that consent is given the fact that the bailee violates restrictions as to either time or place of use is an immaterial factor.

Although not cited by appellant some mention should be made of Vehicle Code, section 402, and the cases decided thereunder. That section imposes a civil liability on the owner of a vehicle for the negligence of any person in operating the car when such person is "using or operating the same with the permission, express or implied, of such owner." In *Henrietta* v. *Evans*, 10 Cal.2d 526 [75 P.2d 1051], and *Engstrom* v. *Auburn Auto. Sales Corp.*, 11 Cal.2d 64 [77 P.2d 1059], it was held that use beyond the time for which permission was granted did not fall within the section. These cases are not in point here for the reason that they involved the interpretation of the word "permission" as used in a statute. It

must not be overlooked that the consent of the owner that we are here discussing is not a consent or permission as set forth in a statutory provision at all, but a consent read into the statute to save its constitutionality. As already pointed out, that consent does not refer to the method, or place or time of use but refers to consent to possession in the first instance. If that exists, violation of the terms of that consent by the bailee, either as to time or place of use does not constitute a defense for the owner. This may be and is a harsh rule, but, as was said in *People* v. *One 1941 8 Stake Truck*, 26 Cal. 2d 503, 507 [159 P.2d 641]: "Clearly shown by the terms of section 11610 et seq. is a legislative policy that the vicious traffic in narcotics, with its disastrous effect upon the unfortunate members of society, is so great an evil as to justify the drastic penalty of confiscation of vehicles used to transport the contraband. The public interest to be protected against the drug and its victims outweighs the loss suffered by those whose confidence in others proves to be misplaced, and although, in some cases, hardship may result from the enforcement of the statute, no constitutional guarantees are invaded."

▮ Appellant also urges that the finding of one marihuana cigarette in a vehicle does not constitute a violation of the forfeiture sections of the Health and Safety Code. This contention is based upon certain dicta found in *People* v. *One 1941 Cadillac Club Coupe*, 63 Cal.App.2d 418 [147 P.2d 49]. In that case it was stated that the discovery of a single marihuana cigarette in an automobile does not prove transportation of narcotics, and unless transportation is proved, the owner's interest cannot be forfeited unless he was an aider or abettor in the unlawful conduct. This identical contention has recently been passed upon by this court in *People* v. *One 1940 Buick 8 Sedan*, 70 Cal.App.2d 542 [161 P.2d 264]. It was there held that the quantity involved in the unlawful transportation is a false factor; that if any quantity is transported by or concealed in the automobile the forfeiture provisions of the statute are applicable, and that the interest of the owner may be forfeited whether or not he has knowledge of the unlawful use or aids and abets the wrongdoer.

The judgment appealed from is affirmed.

Ward, J., and Schottky, J. pro tem., concurred.