[Civ. No. 19609.   Second Dist., Div. Two.   Aug. 10, 1953.]

THE PEOPLE, Respondent, v. ONE 1951 FORD V-8 CUSTOM CLUB COUPE, etc., Defendant; MARY PEERY, Appellant.

Mary Peery, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, and Delbert E. Wong, Deputy Attorney General, for Respondent.

FOX, J.—Mary Peery appeals from a judgment forfeiting her interest, as registered owner, in the automobile here in question because it was used to transport marijuana, in violation of section 11610 of the Health and Safety Code. The car was in the possession of her son, Richard T. Haynes, but was being driven by his female companion. Appellant contends that the judgment is against the evidence and the law because the testimony establishes that on this particular occasion her son did not have permission to drive the vehicle. Her contention, however, is not well founded.

It is true Mrs. Peery testified that she had not given her son general permission to use the car and that she had not given him permission to use it on the particular occasion. She admitted, however, after the seizure of the vehicle, that she had stated to Inspector Storer that Richard had driven the car with her permission; also, that in her application for insurance on the car it was stated it would be driven by her son. She further testified that she did not drive and did not have a driver's license; that her son drove for her when she went on errands and drove the car on other occasions when she gave him the keys.

In this proceeding appellant's interest in the car was at stake. If it were established that her son had permission, express or implied, to use the car on this occasion her property in it would be lost. (*People* v. *One 1937 Buick Coupe,* 89 Cal. App.2d 556, 561 [201 P.2d 402]; *People* v. *One 1941 Chrysler Tudor,* 71 Cal.App.2d 312, 316 [162 P.2d 653].) In view, therefore, of appellant's obvious interest in the case, her admission to the inspector, and her declaration in her application for insurance, the trial court was not required to believe her testimony that her son did not have permission to use her car on this occasion. (Code Civ. Proc., § 1847; *People* v. *One 1937 Buick Coupe, supra; Wade* v. *Markwell & Co.,* 118 Cal.App.2d 410, 426 [258 P.2d 497]. On the other hand, the fact that the appellant did not drive, the relation of the parties, her statement to the inspector and in her insurance application, furnish ample support for an inference that she gave her son permission to use her car, and that he had such permission, either express or implied, to use it on this particular occasion.

The appeal from the order denying the motion for a new trial is dismissed. The judgment is affirmed.

Moore, P. J., and McComb, J., concurred.