[Civ. No. 9230. Third Dist. Mar. 7, 1958.]

LUCILLE BORDENAVE, Appellant, v. THE FRANCHISE
TAX BOARD, Respondent.

Jones, Lane, Weaver & Daley and Neal W. McCrory for Appellant.

Edmund G. Brown, Attorney General, James E. Sabine, and Irving H. Perluss, Assistant Attorneys General, and Edward P. Hollingshead, Deputy Attorney General, for Respondent.

VAN DYKE, P. J.—Plaintiff, appellant herein, brought this action against respondent, The Franchise Tax Board, to recover income taxes paid under protest.

Appellant and her husband purchased a ranch near Stockton, California, in 1944. The title was taken in the name of the husband, but it is without dispute that the purchase was made with community funds and that the property was community property of the two spouses. In 1946 husband and wife executed a deed to themselves in joint tenancy purporting to change the title to that form of ownership. The husband died April 2, 1948. Appellant brought a proceeding to establish his death of record and an appropriate decree was obtained. The income taxes here involved are those for the years 1949 and 1950, then governed by section 17746 of the Revenue and Taxation Code, since repealed. Without stating the details, it is sufficient to say that unless appellant could prove in the trial court that the property remained community property of the parties notwithstanding the joint tenancy deed she could not prevail. An examination of the record discloses that under the trial court's factual findings she did not so prove. We have concluded that the judgment appealed from must be affirmed.

Appellant takes the position that, notwithstanding the presumption that the execution of the joint tenancy deed created the estate of joint tenancy, the testimony of appellant necessitates a reversal of the trial court's judgment upon the ground of insufficiency of evidence.

Testifying nine years after the joint tenancy deed was executed, appellant said that her husband conducted all business affairs as he wished; that she never questioned the nature of papers he asked her to execute because of her trust in his business judgment; that she assumed she signed the joint tenancy deed among a number of other papers which he requested her to sign from time to time; that he did not tell her she was signing a deed that would change the property from community to joint tenancy; that she did not read nor did he

acquaint her with the contents of the instruments; that she did not discover or become aware that she had signed a joint tenancy deed until after his death and during the probate of his estate. There is no testimonial dispute of the foregoing, but, as she must, appellant concedes that her testimony is in conflict with the presumption that the parties intended to and did create a joint tenancy.

 The rules by which we must determine the issue presented are well settled and are well and sufficiently stated in the case of *Hicks* v. *Reis*, 21 Cal.2d 654, 659 [134 P.2d 788]. In that case an owner of an automobile had testified that he had given no consent that his codefendant drive his car which was involved in an accident that injured the plaintiff. There was no testimony to the contrary. The plaintiff respondent, however, relied upon the right of the jury to infer that an employee of a car owner was operating the car with the permission of that owner. (*Blank* v. *Coffin*, 20 Cal.2d 457, 460 [126 P.2d 868].) The Supreme Court in *Hicks* v. *Reis*, *supra*, held that the inference was not rebutted as a matter of law; that the trier of facts is the exclusive judge of the credibility of witnesses and that while a witness is presumed to speak the truth the code also declares that this presumption may be repelled by the manner in which he testifies, by the character of his testimony or by his motives; that the trier of facts may, in weighing the inference (here a presumption) against the opposing testimony, consider the interest of the witness in the result of the case; and that, provided the trier of facts did not act arbitrarily, he might reject in toto the testimony of the witness, though testimonially uncontradicted. Therefore, said the court, at page 660: ''As a general rule . . . the trier of the facts is free to disbelieve the evidence as to the nonexistence of the fact of permission, and to find that it does exist solely on the basis of the inference.'' The court noted that there is a common sense limited exception aimed at preventing the trier of facts from running away with the case in that he might not indulge in the inference if it be rebutted by clear, positive, uncontradicted evidence of such a nature that it is not subject to doubt in the minds of reasonable men. The court said that in most cases, however, the jury is free to disbelieve the evidence as to the non-existence of the fact and to say it does exist on the basis of the inference. Both inferences and presumptions are by our code declared to be evidence of the existence of the facts inferred or presumed.

In this case we are bound by the decision of the trial judge, for he could, as he no doubt did, consider that appellant's interested testimony was given nine years after the event concerning which she testified; that the effect of the joint tenancy deed was not only unquestioned by her during the lifetime of her husband, but affirmed after his death in that in her petition to establish the fact of death she swore that the property was held in joint tenancy; that as the personal representative she declared in the inventory that it was joint tenancy property. And, finally, of course the court had before it the solemn document which declared that she and her husband were by the execution of that instrument creating between themselves a title in joint tenancy.

It is not necessary to discuss other contentions made.

The judgment appealed from is affirmed.

Peek, J., and Schottky, J., concurred.