Filed 4/28/21  Davey v. Graham CA6
## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### SIXTH APPELLATE DISTRICT

| | |
|---|---|
| MAIGNON DAVEY,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>JOHN GRAHAM,<br><br>    Defendant and Respondent,<br><br>SANTA CLARA COUNTY<br>DEPARTMENT OF CHILD SUPPORT<br>SERVICES,<br><br>    Real Party in Interest. | No. H047740<br>(Santa Clara County<br>Super. Ct. No. 1973-1-CS286295) |

This action originates from a judgment entered nearly 50 years ago, on August 29, 1973 (the judgment).  The judgment was in favor of the named plaintiff in the action, Barbara Benson (Benson), against defendant John Graham (Graham).  The judgment required that Graham pay $150 in monthly child support, commencing September 1, 1973, with payments being made to Santa Clara County Adult Probation Department (Adult Probation).  In 2019, Benson's daughter, Maignon Davey (Davey), as administrator of Benson's estate, substituted as the plaintiff.  In September 2019, Davey filed a motion to enforce child support judgment, or, in the alternative, to renew the judgment.  She claimed that the total amount owed on the judgment, including accrued

interest, was $314,422.37. On October 30, 2019, the court denied the motion, finding that Davey had no personal knowledge as to whether the judgment had or had not been paid.

On appeal, Davey contends that the court erred. We conclude that the trial court did not err, and we will therefore affirm the order.

## I. PROCEDURAL HISTORY

The judgment that is the subject of this appeal was entered August 29, 1973, and it required Graham to pay monthly child support of $75 per month for two children, both born on November 26, 1965,[1] for a total of $150 per month, commencing September 1, 1973. The judgment, which was on a preprinted form, with a designation that the Santa Clara County District Attorney's Office was the "Attorney for Plaintiff," contained a recital that the monthly payments were "to continue until further order of [the] court." It was further stated in the judgment that all payments were to be made to Adult Probation at its business address in San Jose. The record reflects that real party in interest, Santa Clara County Department of Child Support Services (Department), is the successor of Adult Probation.

Davey, as the administrator of Benson's estate, pursuant to her request, was granted leave by the court in February 2019, to substitute as plaintiff in place and stead of Benson. Davey brought a proceeding to examine Graham as a judgment debtor. (See Code Civ. Proc., § 708.110.) On June 5, 2019, the court ordered the matter off calendar, finding that "[t]he request was not properly made as there is no judgment as to arrears owed by Defendant."

On September 25, 2019, Davey filed a request for order (the motion), seeking an order enforcing the child support judgment or, in the alternative, a renewal of the child support judgment. She alleged in the motion that the total amount of principal and

_____

[1] One child identified in the judgment was Maignon Graham. The record discloses that the child Maignon Graham and the appellant Maignon Davey are the same person.

2

interest accrued on the judgment was $314,422.37, and that no payments by Graham had been made on the judgment.

The court conducted a hearing on Davey's motion on October 30, 2019, that was attended by self-represented parties, Davey and Graham, and the Department through its counsel. Davey and Graham were sworn in as witnesses. After hearing argument by the parties, the court denied Davey's motion for enforcement of the judgment, or in the alternative, for renewal of the judgment. A minute order reflecting the court's denial of the motion was filed on October 30, 2019.[2]

Davey filed a timely appeal from the order of October 30, 2019. (See *Lakin v. Watkins Associated Industries* (1993) 6 Cal.4th 644, 651-652 [postjudgment order that " 'either affect[s] the judgment or relate[s] to it by enforcing it or staying its execution' " is appealable].)

## II.     DISCUSSION

### A.     Standard of Review

As the California Supreme Court has recently reiterated, "it is a fundamental principle of appellate procedure that a trial court judgment is ordinarily presumed to be correct." (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608 (*Jameson*).) " 'All intendments and presumptions are indulged to support [the lower court's judgment or order] on matters as to which the record is silent, and error must be affirmatively shown. This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.' [Citation.]" (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) Any ambiguities in the record are resolved in favor of affirmance of the judgment or order. (*Winograd v. American Broadcasting Co.* (1998) 68 Cal.App.4th 624,

---

[2] The court also announced from the bench that it was denying Davey's request to modify child support, which decision was confirmed in the minute order. Neither Davey's motion nor her comments made at the hearing indicate that she sought an order modifying child support. We will treat the court's denial of a request to modify support as surplusage not relevant to the issues on appeal.

3

631 (*Winograd*).)  Furthermore, an appellate court, "[a]s an aspect of the presumption that judicial duty is properly performed, . . . presume[s] . . . that the [trial] court knows and applies the correct statutory and case law."  (*People v. Coddington* (2000) 23 Cal.4th 529, 644, overruled on other grounds by *Price v. Superior Court* (2001) 25 Cal.4th 1046, 1069, fn. 13.)

It is the appellant's burden to overcome the presumption of correctness by demonstrating, through an adequate record, error requiring reversal.  (*Jameson*, *supra*, 5 Cal.5th at p. 609.)  This burden exists, regardless of whether the respondent has submitted argument in support of the appealed judgment or order.  (See *Fleming Distribution Company v. Younan* (2020) 49 Cal.App.5th 73, 84 [order denying petition to arbitrate on basis of petitioner's waiver affirmed, even though respondent did not address waiver issue in appellate brief]; *Kriegler v. Eichler Homes, Inc.* (1969) 269 Cal.App.2d 224, 226 [appellant required to demonstrate error even if respondent did not file appellate brief].)[3]

Where the trial court resolves a disputed factual issue, we review the court's ruling to determine whether the trial court's resolution of the factual issue is supported by substantial evidence.  (*Winograd*, *supra*, 68 Cal.App.4th at p. 632.)  " 'When a finding of fact is attacked on the ground that there is not any substantial evidence to sustain it, the power of an appellate court *begins* and *ends* with the determination as to whether there is any substantial evidence contradicted or uncontradicted which will support the finding of fact.' [Citations.]"  (*Foreman & Clark Corp. v. Fallon* (1971) 3 Cal.3d 875, 881, original italics.)  "In a substantial evidence challenge to a judgment, the appellate court will 'consider all of the evidence in the light most favorable to the prevailing party, giving it

---

[3] There was no appellate brief filed by respondent Graham or by real party in interest Department.  (See *In re Marriage of Rifkin and Carty* (2015) 234 Cal.App.4th 1339, 1342, fn. 1 [failure to submit respondent's brief does not result in a default (i.e., an admission of error); appellate court will independently examine the record and reverse only if prejudicial error is found].)

4

the benefit of every reasonable inference, and resolving conflicts in support of the [findings]. [Citations.]' [Citation.] We may not reweigh the evidence and are bound by the trial court's credibility determinations. [Citations.] Moreover, findings of fact are liberally construed to support the judgment. [Citation.]" (*Estate of Young* (2008) 160 Cal.App.4th 62, 76.) We give deference to the trial court's factual findings "because those courts generally are in a better position to evaluate and weigh the evidence. [Citation.]" (*Haworth v. Superior Court* (2010) 50 Cal.4th 372, 385.)

The substantial evidence standard typically applies where the appellant/defendant contends that there was insufficient evidence at trial to support the judgment in the respondent's/plaintiff's favor. (*Sonic Mfg. Technologies, Inc. v. AAE Systems, Inc.* (2011) 196 Cal.App.4th 456, 465 (*Sonic Mfg.*).) But "where the trier of fact has expressly or implicitly concluded that the party with the burden of proof did not carry the burden and that party appeals, it is misleading to characterize the failure-of-proof issue as whether substantial evidence supports the judgment. This follows because such a characterization is conceptually one that allows an attack on (1) the evidence supporting the party who had no burden of proof, and (2) the trier of fact's unassailable conclusion that the party with the burden did not prove one or more elements of the case." (*Ibid.*) " 'Thus, where the issue on appeal turns on a failure of proof at trial, the question for a reviewing court becomes whether the evidence *compels a finding in favor of the appellant as a matter of law*. [Citations.] Specifically, the question becomes whether the appellant's evidence was (1) "uncontradicted and unimpeached" and (2) "of such a character and weight as to leave no room for a judicial determination that it was insufficient to support a finding." ' [Citation.]" (*Id.* at p. 466, italics added.)[4]

---

[4] Davey asserts that the court's order should be reviewed for abuse of discretion. To the extent we review the court's order excluding Davey's testimony (either by declaration or as a sworn witness) based upon the court's objection of lack of personal knowledge, we agree that the abuse of discretion standard applies. (See *Ortiz v. Dameron Hospital Assn.* (2019) 37 Cal.App.5th 568, 585 (*Ortiz*) [trial court's exclusion

### B.	The Court Did Not Err in Denying the Motion

#### 1.	*Background*

Davey asserts several arguments in support of her claim that the trial court erred in denying the motion.  She asserts that the trial court effectively reduced the balance owed under the judgment to zero, and that this "amounted to an impermissible retroactive modification that cut off the wife's [Benson's] ability to enforce arrears incurred under prior valid orders, and improperly forgave a portion of [Graham's] outstanding debt." Second, Davey argues that as a judgment for child support, the judgment here remained outstanding and enforceable irrespective of whether it was ever renewed.  (See Fam. Code § 291.)  Third, she contends that there was no evidence that the judgment was paid or that there had been a settlement under which the Department (or its predecessor) and Graham had agreed that the judgment had been satisfied.  Fourth, Davey argues that Graham—after Davey presented evidence that Graham had not performed under the terms of the judgment—failed to meet his burden of proving that he had satisfied the judgment.

At the hearing on the motion, the court observed that through several hearings, the Department had consistently reported that it did "not have any paperwork, or [could not] find [its] files due to the age of this case."  Counsel for the Department confirmed this understanding, indicating that the files consisted of microfiche that dated back to approximately 1975, and that there was no record the judgment "was enforced past a certain date in the mid-70[']s."

The trial court questioned whether Davey, who was a child at the time and was not directly receiving support, had any personal knowledge as to whether child support was paid by Graham on the judgment.  Davey responded that she "kn[e]w that he never paid

of portions of declarations by sustaining opponent's evidentiary objections to them reviewed for abuse of discretion].)  We otherwise disagree with Davey that the abuse of discretion standard applies to this appeal.

6

money," and that "[her] mother told [her] it was never paid."  The trial court reiterated its belief, based upon its involvement in several hearings in the case, that Davey did not have personal knowledge of the matters relevant to the motion.  The court also stated that it was its understanding, based upon representations made in court by the Department, that "the case has been closed."  When it was inquired of Davey why no action had ever been brought by her mother, Benson, to enforce the judgment if it had not been paid, Davey responded, "Because we thought [Graham] was insolvent."  The court announced its denial of Davey's alternative requests to enforce or to renew the judgment.  In the minute order, the court confirmed its finding announced at the hearing that in denying the motion to enforce the judgment, it had concluded that it did not believe that "Davey has any personal knowledge if [child support] was paid [or] was not paid."

### 2.    *There Was No Error*

It is generally the case in motions brought before the trial court that "the moving party . . . has the burden of proving every fact essential to the relief requested. [Citation.]"  (*Corns v. Miller* (1986) 181 Cal.App.3d 195, 200 (*Corns*); see also *People v. Lopez* (1997) 52 Cal.App.4th 233, 251 [" '[o]n all motions the burden is on the moving party' "].)  Here, Davey, as the moving party seeking to enforce a valid judgment, had the burden of establishing the existence of an outstanding, valid, unsatisfied, and enforceable judgment.  (Cf. *Davidson v. Superior Court* (1999) 70 Cal.App.4th 514, 517-518 [contempt order improperly issued on void judgment].)

Davey contends that she satisfied that burden of proof by establishing the "existence of the contract" (i.e., the judgment), and, through her declarations, that Graham had failed to perform, setting forth the amount of the obligation ($314,422.37).  She argues that it was then incumbent upon Graham to submit evidence in defense of the motion to the effect that the judgment had been satisfied.  Davey asserts that the trial court therefore erred in denying the motion where Graham submitted no evidence to refute her claim that the judgment had not been satisfied.  We disagree.

7

The trial court, both at the hearing and in its minute order denying the motion to enforce the judgment, concluded that it did not believe that Davey had any personal knowledge as to whether child support had been paid pursuant to the judgment. Because the matter occurred when Davey was a child and she was not the person who would have received the payments, the court questioned how Davey could have known whether child support pursuant to the judgment had been paid by Graham. The trial court found that the case had been closed. The court also heard the Department's argument—a question posed to Davey—as to why, if there had been an outstanding liability under the judgment, Davey's mother, Benson, had never pursued the matter. Davey responded that Graham had been insolvent and it was only more recently that he had received an inheritance from his mother.[5]

It is clear that the court's conclusion that Davey had not established a sufficient basis for her motion to enforce or renew the judgment was founded upon its determination that Davey did not have personal knowledge and its assessment of Davey's credibility.

In addressing Davey's burden to establish the grounds necessary to support her motion, it is important to acknowledge that "[t]he evidence submitted to the court [in connection with a motion] must meet all statutory requirements for admissibility of evidence at trial." (Weil et al., Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2020) ¶ 9.57; see, e.g., *LaChapelle v. Toyota Motor Credit Corp.* (2002)

---

[5] In so concluding, the court reiterated the views that it had expressed nine months earlier at the hearing on Davey's motion to substitute as party in the action. At that earlier time, the court observed: "I think there's going to be problems in [Davey's] having personal knowledge about whether or not the payments were made because you [Davey], presumably, don't have that personal knowledge. Or whether or not the parents, the parties themselves, reached any sort of agreement outside of court with respect to support, and if mother closed the case. . . . [P]art of the problem is due to the lack of records because this is so . . . long ago . . . And, of course, why [Davey's] mother didn't pursue anything over the past 40-plus years."

8

102 Cal.App.4th 977, 981 [summary judgment may not be defeated by "mere speculation and conjecture, but instead [the opponent of the motion] must produce admissible evidence raising a triable issue of fact"].) This includes the requirement that declarations "show the declarant's personal knowledge and competency to testify, state facts and not just conclusions, and not include inadmissible hearsay or opinion." (*Bozzi v. Nordstrom, Inc.* (2010) 186 Cal.App.4th 755, 761; see also Evid. Code, § 702, subd. (a).) The declarant, in showing his or her competency, must do more than make a conclusory statement to that effect; he or she must "allege facts showing his [or her] competence." (*Roy Brothers Drilling Co. v. Jones* (1981) 123 Cal.App.3d 175, 182.)

The trial court concluded that Davey did not have personal knowledge as to whether child support pursuant to the judgment had been paid by Graham. Based upon, among other things, the age of the judgment, the fact that Davey was only seven years old when it was entered, and the fact that neither she nor her mother (Benson) was the direct payee under the terms of the judgment,[6] the trial court did not abuse its discretion in concluding that Davey's evidence that the judgment had not been paid was inadmissible

[6] Although Benson was the original named plaintiff in the action, the judgment required that all support payments be made by Graham to Adult Probation at its San Jose business address. Although the details of the underlying action in which judgment was entered in 1973 are not disclosed in the record before us (and, from our review of the reporter's transcripts, such details were also not available to the trial court), it is apparent that this was a suit brought by the County of Santa Clara on behalf of, and in the name of, the supported parent/obligee (Benson) against the supporting parent/obligor (Graham) under former Civil Code section 248. Under that former law, "[p]rior to September 20, 1975, a California county providing public assistance and welfare aid to dependent parents and children was subrogated to the rights of the obligee . . . , thus creating an equitable assignment in the county." (*County of Santa Clara v. Support, Inc.* (1979) 89 Cal.App.3d 687, 694, fn. omitted.) Under former Civil Code section 248 and former Welfare and Institutions Code section 11350 (which were enacted together), "the county [was authorized] to sue either on behalf of the 'obligee'—i.e., the ex-wife,—or to sue in its own name. If the county sue[d] on behalf of the obligee, it [could] recover the full amount of the delinquent payments; if . . . it sue[d] on its own behalf, its recovery [would have been] the lesser of the delinquent support payments or the aid furnished by the county." (*County of Santa Barbara v. Flanders* (1976) 63 Cal.App.3d 486, 492.)

9

due to her lack of personal knowledge of the subject matter. (See *Ortiz*, *supra*, 37 Cal.App.5th at p. 585 [appellate court reviews trial court's exclusion of portions of declarations by sustaining evidentiary objections for abuse of discretion].)[7]

Further, to the extent that the trial court based its decision upon an assessment of Davey's credibility from her declarations and her statements at the hearing—concerning not only her statements regarding Graham's nonpayment of the judgment as well as other matters—this credibility assessment was within trial court's discretion. (*Niko v. Foreman* (2006) 144 Cal.App.4th 344 364-365.) The appellate court cannot substitute its judgment of the credibility of witnesses for the trial court's credibility assessment. (*In re Ana C.* (2012) 204 Cal.App.4th 1317, 1329.) This deference to the trial court in assessing witness credibility applies equally when the witnesses' "testimony" is through written declaration. (*Toyota Motor Sales, U.S.A., Inc. v. Superior Court* (1996) 46 Cal.App.4th 778, 783; see also *Fredrics v. Paige* (1994) 29 Cal.App.4th 1642, 1647 ["it was for the trial court to consider the declarations and counter-declarations, assess credibility, and determine the facts"].)

Davey urges that the trial court erred in denying the motion where, notwithstanding Davey's evidence that the judgment had not been paid, Graham presented no evidence that he had satisfied the judgment. Putting aside the personal knowledge question, the fact that Davey's evidence may or may not have been uncontradicted that child support required under the judgment had not been paid by

---

[7] The trial court also discounted Davey's assertion that she knew that Graham had not made child support payments because her mother had told her so; the court found that this was "based on an out-of-court statement, which is hearsay." Davey does not challenge this evidentiary ruling on appeal. In any event, Davey's reliance upon what her mother had told her was classic hearsay, as it was "evidence of a statement that was made other than by a witness while testifying at the hearing and that [was] offered to prove the truth of the matter stated." (Evid. Code, § 1200, subd. (a); see *In re Tassi's Estate* (1961) 196 Cal.App.2d 494, 506 ["testimony by a witness that the decedent had told him of a prior oral agreement with petitioner would clearly be hearsay, offered to prove the truth of the decedent's statement"].)

Graham does not mean the trial court erred by refusing to accept it. "[S]o long as the trier of fact does not act arbitrarily and has a rational ground for doing so, it may reject the testimony of a witness even though the witness is uncontradicted. [Citations.] Consequently, the testimony of a witness which has been rejected by the trier of fact cannot be credited on appeal unless, in view of the whole record, it is clear, positive, and of such a nature that it cannot rationally be disbelieved." (*Beck Development Co. v. Southern Pacific Transportation Co.* (1996) 44 Cal.App.4th 1160, 1204, citing *Blank v. Coffin* (1942) 20 Cal.2d 457, 461 (*Beck Development*).) Given the record before us, including the trial court's reasons for disbelieving Davey's evidence—such as the age of the judgment, the absence of any action taken on it for decades, the absence of any action taken by Benson, and indications that the file concerning the judgment had been closed for many years—it was rational for the court to disbelieve Davey's evidence. (*Beck Development*, *supra*, at p. 1204.)

Davey also contends that the trial court erred by accepting hearsay statements by the Department's attorney, including the statement that the Department had closed its file many years earlier. We will not address the merits of this challenge.

Evidence Code section 353 provides in relevant part: "A verdict or finding shall not be set aside, nor shall the judgment or decision based thereon be reversed, by reason of the erroneous admission of evidence unless: [¶] (a) There appears of record an objection to or a motion to exclude or to strike the evidence that was timely made and so stated as to make clear the specific ground of the objection or motion . . . ." An appellant's noncompliance with the requirements of Evidence Code section 353 of asserting a timely and specific objection at the trial court level will result in the forfeiture on appeal of a challenge to the admission of the evidence. (*SCI Calif. Funeral Services, Inc. v. Five Bridges Found.* (2012) 203 Cal.App.4th 549, 563-565 (*SCI Calif. Funeral*).) This principle of forfeiture of appellate challenges applies to evidence admitted in

11

connection with a motion where no timely or specific objection to the evidence was made in the trial court. (See *Duronslet v. Kamps* (2012) 203 Cal.App.4th 717, 725-726.)

The record shows that Davey did not assert an objection below to any statements made by the Department's counsel which she now contends were inadmissible hearsay. She has therefore forfeited her appellate challenge to the admission of such evidence. (Evid. Code, § 353, subd. (a); *SCI Calif. Funeral*, *supra*, 203 Cal.App.4th at pp. 563-565.)

It is clear from our review of the record that the trial court below concluded that Davey, as the moving party, had failed to meet her "burden of proving every fact essential to" her motion to enforce or modify the judgment. (*Corns*, *supra*, 181 Cal.App.3d at p. 200.) Davey's lack of personal knowledge concerning whether the judgment had been satisfied, and the related issue of the assessment of Davey's credibility to establish the facts necessary for enforcing the judgment, were the fundamental reasons that the trial court denied the motion. We conclude here that because there was a failure of proof by Davey in support of her motion, " 'the evidence [does not] compel[] a finding in favor of the appellant as a matter of law.' " (*Sonic Mfg.*, *supra*, 196 Cal.App.4th at p. 466.) The trial court therefore did not err in denying the motion to enforce judgment, or, in the alternative, to renew the judgment.

## III. DISPOSITION

The trial court's order of October 30, 2019 is affirmed.

_____
BAMATTRE-MANOUKIAN, J.

WE CONCUR:

_____
ELIA, ACTING P.J.

_____
DANNER, J.

*Davey v. Graham*
**H047740**