[Crim. No. 3040.   Second Appellate District, Division One.—March 18, 1938.]

THE PEOPLE, Respondent, v. THEODORE M. VAN SCOYOC, Appellant.

William W. Larsen for Appellant.

U. S. Webb, Attorney-General, and Paul D. McCormick, Deputy Attorney-General, for Respondent.

DORAN, J.—Defendant, who was charged in an information with the offenses of grand theft and forgery, was found guilty of both offenses by the court, sitting without a jury. The appeal herein is from the judgment and from an order denying a motion for a new trial.

Briefly, the facts are as follows: On May 13, 1936, defendant appeared at the office of a company in Pasadena en-

gaged in the business of renting automobiles by the day. After inquiring of the manager thereof as to the cost of renting an automobile for one day, defendant produced a "Cashier's Check" drawn on the First National Bank of Manhattan, Manhattan, Kansas, signed William Ryan, Assistant Cashier, and made payable to the order of "Burton Marion Rodgers" in the sum of $25. Defendant asked if the check would be accepted as a deposit, and, upon being informed that it would be accepted if endorsed, defendant endorsed it as "Burton Marion Rodgers". Defendant stated that he wanted the car for one day. A contract was then executed between the rental company and defendant, and the latter departed in a rented car, which was a Ford Sedan bearing a 1936 California License, No. 7 P 1336.

The "Cashier's Check" was held in the office of the company until the following day, and, as the car had not been returned at that time, the check was brought to the police department. It was later deposited with the First Trust & Savings Bank, in Pasadena, forwarded for collection, and was returned unpaid. About two months later defendant was located in Chattanooga, Tennessee, from which place he was returned to this state. The arresting officer testified that while he was in Chattanooga, he saw a Ford Sedan bearing a 1936 California license, No. 7 P 1336, in a garage used by the Chattanooga police department for impounding automobiles.

Mr. R. H. Whitehouse, manager of the First Trust & Savings Bank, in Pasadena, testified that he had made a search of certain bank directories for the year 1936, and that his search disclosed that there was a bank known as the First National Bank of Manhattan, Kansas, but that the directories, which listed the officers and assistant cashiers of that bank, did not list or disclose an assistant cashier by the name of William Ryan.

Appellant contends: first, that the trial court erred in permitting the witness Whitehouse to testify to the fact that no money had been paid on the check in question; second, in admitting testimony regarding the result of a search of bank directories by the witness Whitehouse; third, in admitting the check in evidence; and, finally, that the court erred in finding the defendant guilty of either offense.

418

■ The witness Whitehouse was asked the following question: " . . . do you know whether or not that check was honored when presented?" The objection to this question was overruled and the answer was: "It was not honored, no." The objection was well-founded and should have been sustained. It does not follow, however, that such error warrants a reversal of the judgment. The evidence was sufficient to establish the *corpus delicti,* in connection with which it should be noted that slight or *prima facie* evidence is sufficient. (*People* v. *Hudson,* 139 Cal. App. 543, 544 [34 Pac. (2d) 741] ; *People* v. *Hill,* 2 Cal. App. (2d) 141, 155 [37 Pac. (2d) 849].)

■ The *corpus delicti* as to each offense having been established, the evidence of the facts and circumstances surrounding the commission of such offenses, together with the evidence of defendant's confession, was abundantly sufficient to support the judgment.

Appellant's other objections, above noted, are trivial.

For the foregoing reasons, the judgment and order appealed from are affirmed.

York, P. J., and White, J., concurred.