[Crim. No. 2349. Third Dist. Aug. 10, 1953.]

THE PEOPLE, Respondent, v. J. D. TURLEY, Appellant.

C. Huntington Jacobs for Appellant.

Edmund G. Brown, Attorney General, and Gail A. Strader, Deputy Attorney General, for Respondent.

PEEK, J.—Following a jury trial defendant was found guilty of the crime of filing a false claim of loss of certain articles of furniture as the result of a fire at the premises rented by him. Throughout the three trials which were had the defendant acted as his own counsel. The first two trials resulted in hung juries, the third resulted in a verdict of guilty. Thereafter defendant obtained the services of counsel who moved for a new trial and arrest of judgment, which motions were denied. The matter was then referred to the probation officer, and upon the return of his report the court suspended the pronouncement of judgment and sentence and granted defendant probation.

His first contention on appeal is that the evidence fails to prove the commission of the offense because the acts forming the basis of the charge were done, he says, at the instigation and consent of the insurer in that he was encouraged to present a proof of loss under his insurance contract. In support of such contention he alludes to the extension of time granted to him for filing proof of loss and the encouragement from the soliciting agent and from the adjusters.

It appears wholly unnecessary to summarize the voluminous transcript or the numerous references to portions of the transcript set forth in defendant's 200-page opening brief. Suffice it to say that we have read the entire record but we find no evidence to support such contention. The fraud in this instance consists of the preparation and presentation of an itemized statement of furniture (*People* v. *Engelhart*, 78 Cal.App.2d 6, 7 [176 P.2d 789]) which competent evidence showed was not present on the premises at the time of the fire. Also there was absolutely no evidence to indicate that the insurer or any of its agents suggested or encouraged the defendant either to include in his inventory any item which was not on the premises or to place excessive valuation on the individual items shown in that inventory.

His second contention is predicated upon the same evidence from which he next concludes that he was unlawfully entrapped. ██ As stated in *People* v. *Lindsay,* 91 Cal.App.2d 914, 915 [205 P.2d 1114], "Entrapment is the conception and planning of an offense by an officer and his procurement of its commission by one who would not have perpetrated it except for the trickery, persuasion or fraud of the officer." ██ Defendant has failed to point to one bit of evidence showing that the idea of including nonexistent items in his proof of loss originated with an officer or with anyone other than himself. Obviously in the absence of such a showing his contention in this regard is wholly devoid of merit.

His third contention is likewise predicated upon the same evidence, it being his argument in this regard that such evidence was insufficient to show that the proof of loss was fraudulently or deceitfully presented by him since it does not show directly that he in fact knew that the items of furniture in question were not present on the premises at the time of the fire. ██ It is well established that intent may be proven by proof of the surrounding circumstances. (*People* v. *Ross,* 105 Cal.App.2d 235 [233 P.2d 68].) ██ Therefore since the element of intent may be so proved this phase of the case is controlled by the rule enunciated in *People* v. *Newland,* 15 Cal.2d 678, 681 [104 P.2d 778], wherein the court stated:

" '. . . it is the function of the jury in the first instance, and of the trial court after verdict, to determine what facts are established by the evidence, and before the verdict of the jury, which has been approved by the trial court, can be set aside on appeal upon the ground' of insufficiency of the evidence, 'it must be made clearly to appear that upon no hypothesis whatever is there sufficient substantial evidence to support the conclusion reached in the court below. . . .' ██ If the circumstances reasonably justify the verdict of the jury, the opinion of the reviewing court that those circumstances might also reasonably be reconciled with the innocence of the defendant will not warrant interference with the determination of the jury." (See, also, *People* v. *Engelhart,* 78 Cal.App.2d 6, 9 [176 P.2d 789].) Here there is positive evidence that no remains of certain items listed by defendant were found. In fact nearly all of the items so appearing on his inventory were not on the premises when the fire occurred.

His fourth contention is that the evidence was insufficient for the reason that it did not show the existence of a valid contract of insurance under which the claim of insurance was filed. Under the uncontradicted facts as shown by the record it is difficult to see how defendant can seriously make such contention. He does not deny that on October 10, 1950, he paid the premium on a policy of fire insurance, that he received the policy from the Providence Washington Insurance Company and that the proof of loss which he filed was addressed to that insurance company and specifically referred to the number of his policy. Furthermore it was not incumbent upon the prosecution to prove with exact legal nicety the obligation upon the part of the insurer. ■ The basis of the offense alleged is the defendant's intent to defraud which intent obviously does not depend solely upon the legal obligation, if any, arising out of the insurance contract. (*People* v. *Grossman*, 28 Cal.App.2d 193 [82 P.2d 76].)

Lastly the defendant contends that the information failed to charge a crime in the manner required by the constitutional guarantees of due process. He contends that the information fails to allege the existence of the insurer as a corporate entity having the capacity to contract and that the information also failed to allege that a contract of insurance existed at the time he submitted the proof of loss. However, he does not indicate how he was misled by the language of the information nor does he contend that he was unable to determine therefrom the nature of the offense with which he was charged. ■ The information specified the charge against him in substantially the wording of section 556 of the Insurance Code, alleged a violation of that section, set forth the date of the offense, and described and identified with reasonable particularity the writing which he had subscribed and submitted, so that he was fully advised of the precise charge he had to meet. It is therefore apparent that the information met all of the requirements of Penal Code, section 950.

The judgment is affirmed.

Van Dyke, P. J., and Schottky, J., concurred.

A petition for a rehearing was denied August 20, 1953, and appellant's petition for a hearing by the Supreme Court was denied September 4, 1953.