[Crim. No. 5516.   Second Dist., Div. One.   Sept. 17, 1956.]

THE PEOPLE, Respondent, v. CARL SELBY et al., Defendants; PATRICK WILLIAM ENNIS, Appellant.

Jack Surinsky, under appointment by the District Court of Appeal, for Appellant.

Edmund G. Brown, Attorney General, and Patrick T. McCormick, Deputy Attorney General, for Respondent.

FOURT, J.—This is an appeal by the defendant Ennis '' 'on all statutes taken from the judgment of the Superior Court in and for The County of Los Angeles Department 43, the Honorable Judge Ambrose, Presiding taken from the sen- tence imposed this day of July 19, 1955.'

''Appellant deposes and says that he is a pauper, without funds and wishes to be excluded from the cost of the above said transcripts and any legal data pertaining to this case.''

Present counsel for the defendant was appointed by this court.

An information was filed May 24, 1955, in the Superior Court of the State of California charging appellant, Patrick William Ennis, and his codefendant, Carl Selby, with two counts of burglary in violation of section 459 of the Penal Code, and in count 3 with grand theft in violation of section 487, subdivision 1, Penal Code, a felony. As to appellant, the information also charged four prior felony convictions. Appellant entered a plea of not guilty and denied the prior convictions alleged in the information. On June 22, 1955, trial was had, and at such time it was stipulated between the parties that the People's case in chief might be entered upon testimony and evidence as submitted at the preliminary hearing, all stipulations entered into by the parties at the time of the preliminary hearing to be deemed entered into for the purpose of the trial, and each party reserving the right to offer additional testimony. Appellant and his codefendant, with counsel present, were found guilty as to counts 2 and 3. Appellant then admitted the four prior convictions as alleged. Count 1 was dismissed. A probation officer's report was ordered and filed and the appellant was sentenced to the state prison for the term prescribed by law, the sentences to run concurrently.

A substantial résumé of the facts is as follows: On May 2, 1955, a window was discovered broken at the warehouse of Howard F. Ward, Incorporated. At the same time, it was noticed that a stack of tires located near the broken window was greatly diminished. On May 4, 1955, Howard K. Ward, an owner of Howard F. Ward, Incorporated, went to the address of Don McCready, where he identified a quantity of

tires and wheels as being the property of Howard F. Ward, Incorporated. These tires were identified by the name of the particular Eastern manufacturer and by means of government chalk marks on the wheels.

On several occasions the codefendant, Carl Selby, accompanied by the appellant, Patrick Ennis, had sold a quantity of tires and wheels to Don McCready, who owned and operated McCready's Service Center. On April 27, 1955, McCready gave Selby a check for $85 in payment of a quantity of tires and wheels. Again on April 28, 1955, McCready gave Selby a check for $52 in payment for a quantity of tires and wheels. On a third instance, April 29, 1955, another payment for tires and wheels in the amount of $95 was made to Selby. At the time of the transactions enumerated, both Selby and appellant were present, both having taken the tires to the McCready place of business.

The appellant admitted to Roy M. Saunders, a Los Angeles police officer, that he had broken a window of the warehouse, that he had climbed in the window and handed the tires out to Selby, and that they had taken these tires to the McCready Service Center. The appellant admitted entering the warehouse and taking eight or ten tires on as many as seven or eight occasions.

The appellant testified that he had merely aided Selby in transporting the tires and wheels from the residence of Selby to McCready's Service Center. He further testified that it was his impression that Selby had come into possession of the tires through Selby's brother. The appellant also denied knowledge of his making any admission regarding his entering the burglarized premises, or knowledge that the property was taken from the warehouse of Howard F. Ward, Incorporated.

It is appellant's contention that there was a failure to establish or prove the corpus delicti of either burglary or grand theft, and that the admissions or confession of the appellant were made while he was not conscious of what he was saying, being then and there afflicted with the illness of delirium tremens.

■ The corpus delicti need not be established by evidence as clear and convincing as that necessary to establish guilt. A prima facie showing that the alleged act was the result of a criminal agency is all that is required. (*People* v. *Van Scoyoc*, 25 Cal.App.2d 416 [77 P.2d 485] ; *People* v. *Wiezel*, 39 Cal.App.2d 657, 664 [104 P.2d 70].) As stated in *People*

v. *Seymour*, 54 Cal.App.2d 266, at page 275 [128 P.2d 726]: ". . . It is also well settled that slight or prima facie proof of the corpus delicti is all that is necessary. . . ."

In the case before us evidence was submitted to show that the window was discovered broken at the warehouse on or about May 2, 1955, that tires and wheels belonging to the company were found on the premises of McCready's Service Center, and that property was taken from the warehouse without the knowledge or consent of the owners.

Intent may be demonstrated by the circumstances and facts shown in evidence. (*People* v. *Ross*, 105 Cal.App.2d 235 [233 P.2d 68]; *People* v. *Turley*, 119 Cal.App.2d 632 [259 P.2d 724]; *People* v. *Smith*, 84 Cal.App.2d 509 [190 P.2d 941].) It was further established that 62 tires were recovered by the victim, approximately half of the tires being mounted on wheels; also, that payment was made by McCready for 50 tires and that 21 tires also delivered were not paid for. There was further testimony that the tires were of the value of $15 each, and the value of each wheel was $4.00 or $5.00. It is immediately apparent that the property was taken without the knowledge or consent of the owners, and that such property was of a value in excess of the statutory requirement for grand theft.

The officer testified that he had a conversation with the appellant about 11:30 o'clock in the morning of May 5, 1955; that the statements made by the appellant were freely and voluntarily given; that he was coherent and realized whom he was talking to. The corpus delicti having been established by prima facie proof, the extrajudicial admissions were admissible as the People's evidence. Thereupon it was testified that the appellant had said that he had broken the window to the warehouse; that he had climbed in the window and handed the tires out to Selby, and that they had then taken the tires to Don McCready's Service Center, and that this course had been followed several times.

The tires were sold to McCready for $5.00 per tire, with the exception of one, which was sold for $7.00. The appellant himself indicated that he was aware that the tires were sold quite a bit below the retail price. The fact that the tires were sold below value is evidence to show the guilt of the defendant. (*People* v. *Von Moltke*, 118 Cal.App. 568, 571 [5 P.2d 917].)

An appeal does not lie from a sentence.

We are of the conclusion that the corpus delicti

was amply established by the People, and further, that there was substantial evidence to support the finding of guilt by the trial court.

The purported appeal from the sentence is dismissed, and the judgment is affirmed.

White, P. J., and Doran, J., concurred.