[Crim. No. 8324.    Second Dist., Div. Four.    Oct. 17, 1962.]

THE PEOPLE, Plaintiff and Appellant, v. GEORGE RICHARD KANAN, Defendant and Respondent.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, William B. McKesson, District Attorney, Harry Wood and Robert J. Lord, Deputy District Attorneys, for Plaintiff and Appellant.

Lawton, Neff & Boyack and Bryce H. Neff for Defendant and Respondent.

BURKE, P. J.—Defendant was charged with a violation of Insurance Code section 556 (presenting a false and fraudulent claim). His motion under Penal Code section 995 to

set aside the information upon the ground that he had been committed without reasonable or probable cause was granted. It is the People's position on appeal that the court erroneously granted the motion under Penal Code, section 995.

Defendant claimed a $10,000 loss from his insurance company for the destruction of an insured building by fire. In his claim he alleged that the building had a cash value of $10,000, was totally destroyed by the fire about 1 a. m. on June 13, 1961, and that the loss was $10,000.

Defendant had telephoned an insurance agent on June 6, 1961, for purposes of securing insurance on the building and described it as being a frame dwelling with a shingle roof. He advised the agent that the dwelling had been vacant but that he had been storing some saddles, trunks and dresses on the property. On June 10 the agent went out to look at the property because it was located in Agoura and there was some question as to whether he could secure an insurance company to cover the property in that location. He found that the windows were all boarded up, the door had a padlock on it, the building was in a very run-down condition, there was no plumbing or electricity in the building, there were no plastered walls, only one room had a ceiling, the internal structure had been weakened from rain, and the total size was approximately 20 feet by 20 feet or, roughly, the size of a double garage. After inspecting the property the agent telephoned and talked to a person who identified herself as the wife of defendant and he told her he didn't know who gave her the value of the property ". . . but they were very much in the wrong as to the value, and that in the meantime we would have the appraiser come out and appraise it for the present value."

The testimony showed that the building in question was a mere shack about 50 years old; that its only value was for the wood it contained which witnesses variously described as being worth anywhere from perhaps $50 to "not over a couple of hundred"; that the rain came through the roof of the building; and that there was no regular foundation.

Insurance Code section 556 makes it unlawful to present or cause to be presented any false or fraudulent claim for the payment of a loss under a contract of insurance. The courts have held that fraud is the gravamen of the offense. (*People* v. *Turley,* 119 Cal.App.2d 632, 636 [259 P.2d 724]; *People* v. *Grossman,* 28 Cal.App.2d 193, 202-203 [82 P.2d 76].)

In *People* v. *Dufur*, 34 Cal.App. 644, 648-651 [168 P. 590], a claim based upon values much in excess of what was shown to be the actual value of the damaged property was held sufficient to sustain a prosecution under the section. The evidence was ample to support the magistrate's finding of probable cause. It should not be reweighed by the superior court in deciding a motion pursuant to Penal Code section 995. (*People* v. *Reed*, 190 Cal.App.2d 344, 353 [11 Cal.Rptr. 780].)

Defendant seeks to distinguish the facts in the instant case from those before the court in *People* v. *Turley, supra,* 119 Cal.App.2d 632. In the latter case the defendant presented an itemized list of furniture stating that the same had been in the fire which produced the loss. This list was proven to be false and consequently supported the inference that there was an intent on the part of the defendant to defraud. In the instant case the defendant points out that the property which he claimed was destroyed by the fire was in fact destroyed and that the only basis for showing an intent to defraud is the testimony of certain witnesses as to valuation which indicated that the property was worth less than the amount of the insurance and the amount of his claim.

Defendant asserts that section 556, Insurance Code, does not comply with the basic requirement that "A statute must be definite enough to provide a standard of conduct for those whose activities are proscribed as well as a standard for the ascertainment of guilt by the courts called upon to apply it." (Citing *People* v. *McCaughan,* 49 Cal.2d 409, 414 [317 P.2d 974].) ▮ As pointed out in *People* v. *Building Maintenance etc. Assn.,* 41 Cal.2d 719, 724 [264 P.2d 31], statutes have been upheld even though the prohibited acts were defined in vague terms as they required the presence of an adequately defined specific intent. Thus, the person who undertakes to evade income taxes by padding his expenses has fair warning that he may violate the law even though he may not be sure where the jury may draw the line between reasonable and unreasonable expenses. (*United States* v. *Ragen,* 314 U.S. 513, 524 [62 S.Ct. 374, 86 L.Ed. 383].)

Defendant asserts that he does not argue that the statute in question is in and of itself void but that its particular application to the set of facts presented is void, citing *In re Blaney,* 30 Cal.2d 643 [184 P.2d 892]. Defendant asserts that even experts will differ in the valuation that might be attached to a given structure and that the statute does not establish standards so that in its application to the present case a claimant

is informed as to what his opinion of his loss must be so as to render that opinion free from criminal consequences.

However, as pointed out in *People* v. *Grossman, supra,* 28 Cal.App.2d 193, 202, the gravamen of the offense alleged is the defendant's intent to defraud. If the valuation set forth in the claim filed by the defendant is so grossly disproportionate to what is shown to have been the actual value of the property destroyed, as was indicated in the evidence adduced before the magistrate in the instant case, then clearly there was a showing of an intent to defraud sufficient to warrant the magistrate, acting as a man of ordinary caution or prudence, to conscientiously entertain a reasonable suspicion that a violation of section 556, Insurance Code, had been committed by defendant. Such having been the evidence, the order of the superior court setting aside the information was erroneous (*Reed* v. *Reed, supra,* 190 Cal.App.2d 344, 353), and such order is therefore reversed.

Jefferson, J., and Ford, J.,* concurred.

*Assigned by Chairman of Judicial Council.