Filed 6/30/15  One Easy Loan v. Wei CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| ONE EASY LOAN, INC., et al., <br><br> Plaintiffs and Respondents, <br><br> v. <br><br> DAVID WEI, <br><br> Defendant and Appellant. | D065303 <br><br><br> (Super. Ct. No. 37-2009-00085219-CU-MC-CTL) |

APPEAL from a judgment of the Superior Court of San Diego County, Ronald S. Prager, Judge.  Affirmed.

David Wei, in pro. per., for Defendant and Appellant.

Lawton Law Firm, Dan A. Lawton and Joseph C. Kracht for Plaintiffs and Respondents.


Three shareholders of One Easy Loan, Inc. (OEL), James Dodds, Dudley McIlhenny and Gail Peterson (collectively, the shareholders), sued Priority Student Loans, Inc. and OEL's former directors David Wei, Chi-Hsien Lee, and Hsin-Hui Meng (collectively defendants), alleging, among other things, that defendants breached their

fiduciary duties and diverted corporate assets and opportunities. The jury found defendants, except Meng, liable and awarded the shareholders damages. The shareholders appealed the damages award. (*Dodds et al. v. Meng et al.* (Oct. 23, 2012, D058766) [nonpub. opn.] (*Dodds I*).) In *Dodds I*, we reversed on the issue of damages only and remanded for a new trial. On remand, the court held a bench trial on damages and awarded the shareholders $2,452,647.

Wei, the only appellant in this second appeal, challenges the court's judgment. He contends the trial court erred in finding he engaged in a conspiracy, disregarding the opinion of his expert, and not subtracting a loan he made to OEL from the damages award. We reject Wei's arguments and affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

The factual details of this case are set forth in our prior opinion in *Dodds I* and we need not repeat them here. It suffices to say that Dodds formed OEL for the purpose of providing students a vehicle to consolidate multiple loans with a single lender. Dodds brought Lee and Wei into the business. At some point, Lee and Wei set up a competing business with opportunities and assets diverted from OEL. The parties' relationship deteriorated. Thus, in March 2006, the parties discussed a proposal whereby Wei and Lee would buy out the other shareholders' stock. Dodds and other minority shareholders approved a buyout agreement, which was ultimately not consummated because Wei insisted on adding a noncompete clause.

The shareholders sued defendants for breach of fiduciary duty and diversion of corporate opportunities and assets. The jury found defendants, except Meng, liable and

2

awarded the shareholders $187,898. The shareholders appealed, asserting the trial court should have rejected the jury's low damages award because it was merely advisory, tainted by legal error, and improperly included amounts defendants claimed as setoffs. We concluded the trial court erred in failing to treat the jury's verdict as advisory only, permitting defendants' counsel to assert in closing argument that the damages in this case should be limited to the value of the shareholders' shares and permitting defendants to seek setoffs for loans to OEL. (*Dodds I*, *supra*, at p. 3.) We left the liability portion of the judgment intact because no error was claimed as to that portion, defendants did not appeal it, and the damages issue was separable from the liability determination. (*Id.* at p. 30.) Accordingly, we remanded the case to the trial court for a new trial on damages. (*Id.* at p. 56.)

On remand, the trial court held a trial on damages. The court heard testimony from the parties and expert opinion testimony on the fair market value of OEL. Wei's expert, Dr. Jules Kamin, testified that as of March 2006, OEL had zero value. However, Dr. Kamin admitted that at the time of his deposition, he had not reviewed relevant documents and Wei's and Lee's deposition testimony which may have impacted his opinions. He also stated that he had only appraised two closely held businesses in the past. Dodds also provided an opinion on the fair market value of OEL. He testified that the value was greater than $2,452,647, an amount that was negotiated as part of the unconsummated buyout agreement. The trial court found Dodds presented "the most insightful and accurate explanation for the [fair market value] of OEL's stock" and "Dr.

3

Kamin's [opinion] was purely academic without regard for the specifics of this case and the conduct of the parties."

Ultimately, the court awarded the shareholders damages in the amount of $2,452,647 plus prejudgment interest. In its ruling, the court stated "that all shareholders agreed to the value assigned to OEL as of March 13, 2006 to be $2,452,647. . . . It is clear from the more credible testimony provided by the [shareholders] that any issue regarding setoffs was addressed during the negotiations to set a value for OEL." Lastly, the court found Wei and Lee were "disallowed any recovery from th[e] judgment as a result of their tortious conduct reflected in the findings of the jury and thereafter affirmed." That conduct included that Wei and Lee were part of a plan "to control OEL and if that failed, to create their own company on the ashes of OEL. . . . As such, [a] conspiracy was in place and being furthered by the conduct of Lee and Wei."

DISCUSSION

I. *Motion to Augment Record and/or Take Judicial Notice*

The shareholders requested that this Court take judicial notice of, and/or augment the record with, the judgment in this action, which attached the court's statement of decision, this Court's prior opinion in *Dodds I*, and the trial court's register of actions. Wei did not oppose the request. The unopposed request is granted.

The judgment included in the clerk's transcript on appeal states that a copy of the court's statement of decision was attached to it and incorporated therein as though fully set forth. However, the clerk's transcript did not include the statement of decision.

4

Accordingly, we grant the shareholders' request to augment the record with a full copy of the trial court's judgment that includes its statement of decision.

We also grant the shareholders' unopposed request pertaining to our prior opinion in *Dodds I* and the trial court's register of actions. We take judicial notice of these documents pursuant to Evidence Code, section 452, subdivision (d)(1), providing that the court may take judicial of records of any court of this state.

## II. *Conspiracy Finding*

Wei contends the trial court erred in finding he engaged in a conspiracy. We reject this argument.

The doctrine of law of the case deals with the effect of the first appellate decision on the subsequent retrial or appeal. "[A] matter adjudicated on a prior appeal normally will not be relitigated on a subsequent appeal in the same case." (*Davies v. Krasna* (1975) 14 Cal.3d 502, 507.)

During the first trial, a jury found that defendants, except Meng, had diverted corporate opportunities of OEL, converted corporate assets and breached their fiduciary duties to the shareholders and OEL. (*Dodds I*, *supra*, at p. 10.) In *Dodds I*, we affirmed the liability portion of the judgment because defendants did not appeal it. (*Id.* at p. 30.) We remanded the matter for a new trial on damages only. (*Id.* at p. 56.) After the new trial on damages, the trial court issued a statement of decision in which it recited the background of the case, including that the previous verdict established that Wei was part of a conspiracy to control OEL or create a new company with OEL's assets and opportunities.

5

Wei now complains in this second appeal that the trial court erred in finding he was part of a conspiracy. Whether Wei engaged in a plan to divert OEL's corporate assets and opportunities was a matter he should have raised in the prior appeal. He did not appeal liability in any manner and thus, we affirmed that portion of the judgment. (*Dodds I*, *supra*, at p. 30.) Moreover, Wei does not proffer any explanation as to why he failed to raise the issue in the prior appeal. We conclude the issue is waived due to Wei's failure to raise it in the prior appeal by way of cross-appeal or otherwise.

### III. *Expert Opinion*

Wei contends the trial court abused its discretion in disregarding Dr. Kamin's expert opinion. We reject this argument.

"'"The appellate court has not seen or heard the witnesses, and has no power to pass upon their credibility."'" (*Blye v. Affonso* (1960) 185 Cal.App.2d 241, 243.) "'The trier of the facts is the exclusive judge of the credibility of the witnesses. [Citation.] . . . Provided the trier of the facts does not act arbitrarily, he may reject *in toto* the testimony of a witness, even [if] the witness is uncontradicted.'" (*Ortzman v. Van Der Waal* (1952) 114 Cal.App.2d 167, 170.)

Here, Dr. Kamin admitted that he did not review important information in rendering his opinion. The trial court specifically found that Dr. Kamin did not have experience with valuations of closely held companies. The trial court also noted that Dr. Kamin had in his possession and was hired within days of an e-mail written by Wei in which Wei stated, "[W]e are going to have a company valuation expert to come up with a value for the company (which should be next to nothing)." Ultimately, the court found

Dodds "provided the most insightful and accurate explanation for the [fair market value] of OEL's stock" and "Dr. Kamin's [valuation] was purely academic without regard for the specifics of this case."

The trial court was free to reject Dr. Kamin's testimony as it was in the best position to pass on the credibility of witnesses. Moreover, we conclude the trial court did not act arbitrarily in rejecting Dr. Kamin's opinion in toto. Rather, the trial court set forth specific reasons for rejecting Dr. Kamin's valuation, including that Dr. Kamin lacked experience in the area and had not reviewed relevant documents in forming his opinion. Those reasons were supported by the evidence. The trial court was not bound by Dr. Kamin's expert opinion (*Kennemur v. State of California* (1982) 133 Cal.App.3d 907, 923) and we see no error in the court's decision.

### IV. *Loan Setoff*

Wei contends the trial court erred in not subtracting a $175,000 loan he made to OEL from the damages award. We disagree.

In resolving Wei's contention, we apply settled principles of appellate review. Specifically, "it is settled that '[a] judgment or order of the lower court is *presumed correct*. All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown. This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.'" (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.)

It "is counsel's duty by argument and citation of authority to show in what respects rulings complained of are erroneous." (*Wint v. Fidelity & Casualty Co.* (1973) 9 Cal.3d

7

257, 265.)  All litigants are bound by the rule that "[t]he reviewing court is not required to make an independent, unassisted study of the record in search of error or grounds to support the judgment.  It is entitled to the assistance of counsel.  Accordingly, every brief should contain a legal argument with citation of authorities on the points made.  If none is furnished on a particular point, the court may treat it as waived, and pass it without consideration."  (9 Witkin, Cal. Procedure (4th ed. 1997) Appeal, § 594, p. 627.)

As background, we considered the issue of setoffs in *Dodds I*.  We found the trial court erred in permitting defendants to seek setoffs for loans to OEL for the first time in closing argument.  (*Dodds I*, *supra*, at pp. 46, 49, fn. 7.)  However, we concluded the trial court could consider the issue of setoffs on remand so long as the shareholders were given a fair opportunity to refute defendants' entitlement to recover such sums.  (*Id.* at pp. 49-50.)  After the damages trial, the trial court concluded "that any issue regarding setoffs was addressed during the negotiations to set a value for OEL."

In this appeal, Wei failed to cite any authority or evidence in the record supporting his argument that the trial court was required to subtract $175,000 from the damages award based on a loan to OEL.  His argument is completely devoid of citations to evidence or authority.  Wei had the burden of affirmatively demonstrating error.  It was his duty to develop his argument and support it with adequate citation to the record, and the failure to do so may be deemed a waiver of the issue.  (*Duarte v. Chino Community Hospital* (1999) 72 Cal.App.4th 849, 856.)  We presume the trial court correctly found any issue of setoffs was considered in valuing OEL and conclude Wei waived his argument on appeal.

8

DISPOSITION

The judgment is affirmed.  Respondents are entitled to recover their costs on appeal.

McINTYRE, J.

WE CONCUR:

HUFFMAN, Acting P. J.

IRION, J.